IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**PIERRE D. JONES**                                                                **PLAINTIFF**

v.                                                      CIVIL ACTION NO.: 3:19-cv-753-TSL-RHW

**GULF COAST RESTAURANT GROUP INC;**
**HALF SHELL OYSTER HOUSE BILOXI, LLC; AND**
**CHAD HENSON, INDIVIDUALLY**                                          **DEFENDANTS**

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Pierre Jones, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of his rights under Title VII and 42 U.S.C. §1981 - Race Discrimination and Title VII and 42 U.S.C. §1981 - Retaliation against Defendant Gulf Coast Restaurant Group Inc. and Half Shell Oyster House Biloxi, LLC.  Plaintiff also files this action to recover damages for the actions of Defendant Chad Henson, individually, which constitutes the tort of interference with employment.  In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

## THE PARTIES

1. Plaintiff, Pierre Jones, is an adult male citizen of Polk County, Iowa.

2. Defendant, Gulf Coast Restaurant Group Inc., was a joint employer of Plaintiff, and is a Mississippi corporation licensed to do business in the State of Mississippi that may be served with process through its registered agent: Bob Taylor, 5 Bayou View Drive, Gulfport, Mississippi 39507.

3. Defendant, Half Shell Oyster House Biloxi, LLC, was a joint employer of

1

Plaintiff, and is a Mississippi Limited Liability Company licensed to do business in the State of Mississippi that may be served with process through its registered agent: Bob Taylor, 5 Bayou View Drive, Gulfport, Mississippi 39507.

4. Defendant, Chad Henson, individually, may be served at his place of employment, 125 Lemuse Street, Biloxi, Mississippi 39530.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction and venue is proper in this court.

4. Plaintiff timely filed a Charge of Discrimination with the EEOC, on November 28, 2018, a true and correct copy of which is attached as Exhibit "A." The EEOC issued a Dismissal and Notice of Right to Sue on August 28, 2019, a true and correct copy of which is attached as Exhibit "B." Plaintiff timely files this cause of action within ninety (90) days of receipt of his Dismissal and Notice of Right to Sue.

## STATEMENT OF FACTS

5. Pierre Jones is an adult black male.

6. Plaintiff was hired by Half Shell Oyster House in Gulfport, Mississippi on December 26, 2015 and worked his way up to the position of Assistant Kitchen Manager. After Plaintiff's promotion to Assistant Kitchen Manager, Plaintiff was transferred to the Biloxi Half Shell Oyster House.

7. On June 23, 2018, Half Shell's General Manager Chad Henson (white male) asked Jones to come to his office.

8. Mr. Henson told Plaintiff that he was impressed with his recent performance and that he had been speaking with District Manager John Graham (white

male) about promotion opportunities to the position of Kitchen Manager which Plaintiff was qualified for.

9. A few minutes later, Mr. Graham walked in, shook hands with Plaintiff, and they all three continued to discuss how Plaintiff was looking to move up to the position of Kitchen Manager.

10. Mr. Graham mentioned that Defendant's managers had decided that any Assistant Kitchen Manager wanting to be promoted to the position of Kitchen Manager had to become a Front of House Key / Manager first.

11. On July 9, 2018, Plaintiff was sent to train new employees for a new store opening in Covington, Louisiana.

12. On July 19, 2018, all trainers were called to a meeting in the back of the restaurant.

13. There it was announced that John Wiggins (white male) had been promoted the position of Kitchen Manager in Biloxi.

14. Prior to this, Mr. Wiggins was an Assistant Kitchen Manager at the Gulfport Half Shell store.

15. Mr. Wiggins had been struggling in that position, and the Gulfport General Manager, Josh Lord (white male), had asked Plaintiff directly if he were interested in replacing Mr. Wiggins.

16. Further, Mr. Lord had requested Mr. Henson give him Plaintiff as his Assistant Kitchen Manager and have Mr. Wiggins moved to the Biloxi store.

17. At the time of his promotion, Mr. Wiggins had no 'front of house' training or experience.

18. Plaintiff immediately recognized that he was being discriminated against because of his race by Defendant's management.

19. On July 24, 2018, back in Biloxi, Plaintiff spoke to Mr. Henson and expressed his complaint that because he was denied the promotion to Kitchen Manager in Biloxi, and it was given to a white male, he was being racially discriminated against.

20. Mr. Henson denied this allegation and the conversation ended.

21. On August 31, 2018, Plaintiff learned that a black male had been promoted to the position of Kitchen Manager at the Half Shell store in Covington, Louisiana.

22. Once again, despite what Mr. Graham had said, this young man had no prior 'front of house' training either.

23. It is also noteworthy that this young man was the very first black person to be promoted from the position of Assistant Kitchen Manager to Kitchen Manager at a Half Shell restaurant.

24. It appears likely that the managers knew Plaintiff was correct with his complaint and tried to 'cover their tracks' by hiring a black male who was not qualified for the position.

25. On October 7, 2018, while Plaintiff was supervising the kitchen, his Grill Cook, Jeremiah Morgan, "messed-up" a prep item.

26. Mr. Henson noticed the "messed-up" item and asked Plaintiff who had made it.

27. Plaintiff told him that Mr. Morgan had made it.

28. On October 10, 2018, Mr. Henson contacted Plaintiff and told him that he

was terminated.

29. Mr. Henson told Plaintiff that when asked who had made the "messed-up" prep item, he had lied, i.e., Mr. Henson claimed that Plaintiff had made the item himself.

30. This was not true; however, Plaintiff had told Mr. Henson the truth. As such, Defendant's reason for terminating Plaintiff was false and the real reason was because of his race, black, and because he had previously complained of race discrimination to Defendant's management.

31. Prior to Plaintiff's termination, Plaintiff had never received any negative performance evaluations and he had no history of any write ups.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF TITLE VII and 42 U.S.C. 1981 - RACE DISCRIMINATION

32. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 31 above as if fully incorporated herein.

33. Plaintiff is an African American male. Plaintiff was qualified for the position of Kitchen Manager. Plaintiff suffered an adverse employment action when Defendants Gulf Coast Restaurant Group Inc. and Half Shell Oyster House Biloxi, LLC, terminated him. Defendants Gulf Coast Restaurant Group Inc. and Half Shell Oyster House Biloxi, LLC, violated 42 U.S.C. § 1981 and Title VII by unlawfully discriminating against Plaintiff because of his race.

34. The unlawful actions of the Defendants Gulf Coast Restaurant Group Inc. and Half Shell Oyster House Biloxi, LLC, complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## COUNT II: VIOLATION OF TITLE VII and 42 U.S.C. § 1981 – RETALIATION

35. Plaintiff re-alleges and incorporates all averments set forth through Paragraphs 1 through 34 above as though specifically set forth herein

36. Defendants Gulf Coast Restaurant Group Inc. and Half Shell Oyster House Biloxi, LLC, violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, and 42 U.S.C. §1981 by retaliating against the Plaintiff for making complaints regarding race discrimination. Plaintiff is entitled to protection for making complaints or charges of race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq*, and 42 U.S.C. §1981.

37. The acts of Defendants Gulf Coast Restaurant Group Inc. and Half Shell Oyster House Biloxi, LLC, constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, and 42 U.S.C. §1981 and entitle Plaintiff to recovery of damages, both pecuniary and punitive in nature.

## COUNT III: TORTIOUS INTERFERENCE WITH EMPLOYMENT - DEFENDANT CHAD HENSON, INDIVIDUALLY

38. Plaintiff re-alleges and incorporates all averments set forth in paragraphs through 37 above as if fully incorporated herein.

39. Plaintiff had an employment relationship with Defendants Gulf Coast Restaurant Group Inc. and Half Shell Oyster House Biloxi, LLC, and Defendant Finley was aware of Plaintiff's employment relationship with Defendants Gulf Coast Restaurant Group Inc. and Half Shell Oyster House Biloxi, LLC.

40. Defendant Henson's actions were malicious when he tortiously interfered in Plaintiff's employment relationship with Defendants Gulf Coast Restaurant Group Inc. and Half Shell Oyster House Biloxi, LLC.

41. As such, Plaintiff is seeking an award of compensatory damages in an amount to be determined by the jury to fully compensate him for Defendant Henson's actions in tortiously interfering with his employment relationship with Defendants Gulf Coast Restaurant Group Inc. and Half Shell Oyster House Biloxi, LLC.

42. In addition, Defendant Henson's actions were done maliciously with the intent to cause Plaintiff professional and personal injury.

43. As such, Plaintiff is entitled to an award of punitive damages against Defendant Henson, individually, in an amount to be determined by the jury.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages and reinstatement; or
2. Future wages in lieu of reinstatement;
3. Compensatory damages;
4. Punitive damages;
5. Lost Benefits;
6. Pre-judgment and post-judgment interest;
7. Attorney fees and costs; and
8. Such other relief as the Court deems just and appropriate.

THIS the 22nd day of October 2019.

Respectfully submitted,

PIERRE JONES, Plaintiff

By: _____
Louis H. Watson, Jr. (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Email: nick@watsonnorris.com
Web:  www.watsonnorris.com